Floyd H. JONES, Jr., Petitioner,

v.

Honorable Cassidy WRIGHT of the Municipal Court, and Sidney Wilson, Jr., Chief of Police, both of Norman, Oklahoma, Respondents.

No. A–13371.

Court of Criminal Appeals of Oklahoma.
May 29, 1963.

Sid White, Oklahoma City, for petitioner.

Hugh P. Mabe, Asst. City Atty., Norman, Cleveland County, for respondents.

JOHNSON, Judge.

Floyd H. Jones, Jr., filed in this Court his petition for writ of prohibition against the respondents, alleging that he is now and has been since 1956 the owner and operator of Jonesy's Drive-In, in the city of Norman, Oklahoma.

Petitioner alleges:

"That the City of Norman, Oklahoma has an ordinance numbered 1229, section 6 of which reads as follows, to-wit:

"Same—Not to be blown by wind, etc.

"Section 546.26. It shall be unlawful for the owner, operator or person in charge of a drive-in restaurant to permit any waste material to be blown by the wind or otherwise to escape or be carried from the premises of the drive-in restaurant to any adjoining street, or property in the vicinity of such drive-in restaurant. (Ord. 1229, sec. 6)."

Petitioner further alleges that he has been repeatedly arrested and fined by the Chief of Police and Judge of the Municipal Court of said City for the violation of such ordinance; that petitioner now stands charged before said court with two violations of such ordinance; that said section of said ordinance is on its face and as administered void, and operates to deprive petitioner of due process of law, and that petitioner has no adequate remedy at law.

Petitioner prays this Court to declare said ordinance void and to permanently prohibit the respondents from enforcing such ordinance against him.

A temporary restraining order was issued by this Court on April 25, 1963 and the matter set for hearing for May 1. Thereafter, such hearing was continued and reset for May 16, 1963.

To the petition respondents have filed a motion to dismiss, alleging that in the preparation of said complaints against the petitioner the officer who prepared such complaints referred to Section 6 of ordinance 1229, quoted above, but that the charge against the petitioner is in fact a violation of section 5 of such ordinance; and praying this Court to dissolve the alternative writ of prohibition in order that the complaint filed against petitioner under said section 6 of such ordinance may be dismissed in the county court of Cleveland County.

This Court has repeatedly held that the writ of prohibition is a highly remedial writ, and as a general rule will not be granted unless absolutely necessary, but that where the necessity appears the Court has the undoubted right to grant relief. Bennett v. District Court of Tulsa County, 81 Okl.Cr. 351, 162 P.2d 561, and the numerous cases cited therein on this point.

In the case at bar the respondents have indicated their desire to dismiss the complaints pending against the petitioner, and about which he complains, and the ordinance in question not being properly before this Court, we hold that the motion of the respondents to dissolve the alternative writ of prohibition heretofore issued by this Court should be, and the same is hereby sustained, said writ is dissolved, and permanent writ denied.

BUSSEY, P. J., and NIX, J., concur.